[No. 30285.   Department One.   October 16, 1947.]

EDNA G. HORNER, *Appellant,* v. EVERETT E. HORNER, *Respondent.*[1]

*William A. Gilmore* and *W. H. Cook,* for appellant.

*Henry C. Levinski,* for respondent.

SCHWELLENBACH, J.—This is an appeal from an interlocutory order granting each of the parties a divorce, and awarding community property to each of them. The division of the property is claimed, by appellant, to be inequitable and unequal.

The parties were married August 30, 1941, and resided in Seattle.  For a year or two prior to the marriage, they lived together as husband and wife, during a time in which the appellant was obtaining a divorce from her former husband.

The trial court granted a divorce to the wife because of the infidelity of the husband, and to the husband because of the drinking of the wife.

During the trial, which consumed three days, a number of witnesses testified.  We have examined the statement of facts, consisting of two hundred sixty-four pages, twenty-two exhibits, including portions of a diary

[1]Reported in 185 P. (2d) 497.

written (strange as it may seem) by the husband, and are satisfied that the testimony warranted the granting of a divorce to both parties.

The wife was awarded property of the value of $6,196.65, and the husband property valued at $14,812.92. The husband was ordered to pay obligations amounting to $5,000.10, thus making his share $9,812.82. At first glance, this division would appear to be inequitable. However, because the husband's future earning capacity is impaired, due to his physical condition, and because of various burdens placed upon him under the interlocutory order, we are satisfied, from an examination of the entire record, that the division of the property was fair and equitable.

The order appealed from is affirmed.

MALLERY, C. J., MILLARD, and SIMPSON, JJ., concur.

HILL, J. (dissenting)—I dissent on the matter of the property division. I am of the opinion that the husband was much the more culpable of the two, and that his conduct was primarily responsible for the disruption of this marriage. His charges against his wife were afterthoughts, and, while the evidence doubtless justified a divorce to both parties, the wife was entitled to not less than an even division of the community property.